UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIQIN XU,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CHAN, et al.,<br><br>    Defendants. | Case No. 2:19-cv-06950-JLS-JC<br><br>ORDER DISMISSING COMPLAINT AND ACTION |

On August 9, 2019, plaintiff Liqin Xu, who is on an immigration bond, is proceeding *pro se*, and has paid the full filing fee, filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" ("Complaint") against three federal government attorneys who apparently have represented the United States in plaintiff's immigration and removal proceedings and a related appeal. (Docket No. 1; Complaint at 1, 3).[1] Plaintiff appears to sue all three defendants in their official capacities only, pursuant to 42 U.S.C. § 1983 ("Section 1983"), and alleges that
///

---

[1] Plaintiff concurrently filed an Ex Parte Application for Emergency Stay of Removal ("Ex Parte App."), which this Court denied on August 13, 2019. (Docket Nos. 5-7, 12).

they all acted under color of federal law. (Complaint at 3).² Plaintiff claims that in her removal proceedings, defendants improperly utilized an unreliable Interpol Red Notice that did not comport with federal policy and a Chinese warrant that did not comport with the Fourth Amendment as evidence that she committed an offense in China, thereby causing the immigration court to initially deny her bond and to issue a removal order, and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") to deny her request for an emergency stay of removal. (Complaint at 5).³

The Complaint seeks solely "equitable" relief, namely (1) an injunction prohibiting the Department of Homeland Security from presenting the Interpol Red Notice and Chinese Warrant to the Ninth Circuit; (2) an order requiring the Department of Justice to withdraw their opposition to plaintiff's Application for Relief under "208 of the INA" which is pending in the Ninth Circuit; (3) an order requiring the Department of Homeland Security and the Department of Justice to

---

²The Complaint expressly reflects that plaintiff sues the first two defendants in their official capacities only, but, in an apparent oversight, fails expressly to state the capacity in which the third defendant is sued. (Complaint at 3). As plaintiff makes similar allegations against all three defendants, the Court presumes that plaintiff likewise sues the third defendant in her official capacity only, but the disposition herein also addresses the potential viability of an individual capacity claim against the defendants.

³Plaintiff states that she was detained on May 22, 2018 by Immigration and Customs Enforcement ("ICE") and charged under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") (8 U.S.C. § 1227(a)(1)(B)) for overstaying her visa. (Ex Parte App. at 6). Following her detention, she applied for asylum and withholding of removal before the United States Immigration Court in Los Angeles, California. (Complaint at 54-66 [U.S.I.C. Decision, No. A205 771 559]). The immigration judge denied such application on October 24, 2018. (Id.). Plaintiff, with the assistance of counsel, then filed a petition for review and a motion for an emergency stay of removal in the Ninth Circuit, the latter of which was denied on August 1, 2019 in Case No. 19-70869 ("Ninth Circuit Action"). Ninth Circuit Action Docket at 1-3, 14. On August 2, 2019, plaintiff – again with the assistance of counsel – filed a second emergency motion to stay removal in the Ninth Circuit Action which was construed by the Ninth Circuit to be a motion for reconsideration and denied on August 6, 2019. Ninth Circuit Action Docket at 15, 17. As noted above, plaintiff filed the instant action a few days later on August 9, 2019.

agree to dismiss their Ninth Circuit appeal and to grant plaintiff immediate asylum; and (4) an order dismissing any motion to stay or appeal the July 24, 2019 bond order that resulted in her release from ICE detention. (Complaint at 6).

For the reasons explained below, the Complaint is dismissed without leave to amend and this action is dismissed without prejudice.

The court may dismiss a paid complaint *sua sponte* and without notice to the plaintiff if the complaint fails to state a claim and the plaintiff cannot possibly win relief. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citations, quotations and internal quotations omitted). Here, dismissal is appropriate at least because the Complaint fails to state a claim over which this Court has jurisdiction, plaintiff cannot possibly win the relief plaintiff seeks from this Court, and granting leave to amend would be futile because it is absolutely clear the deficiencies of the Complaint cannot be cured by amendment.

First, plaintiff cannot state a claim against any of the defendants under Section 1983, and granting leave to amend to afford plaintiff an opportunity to do so would be futile, as all of the defendants are alleged to be federal officials acting under color of federal law and Section 1983 does not provide a cause of action against federal officials acting under color of federal law. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1854 (2017); Billings v. United States, 57 F.3d 797, 801 (9th Cir. 1995).

Second, plaintiff cannot state a claim against the defendants in their individual capacities for equitable relief, and granting leave to afford plaintiff an opportunity to do so would be futile because Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) – which affords a cause of action for *damages* arising

3

out of certain constitutional violations by federal officials acting in their *individual* capacities – does not afford a cause of action against federal officials acting in their *official* capacities – the only capacity in which plaintiff sues the defendants – and does not authorize *equitable* relief which requires official government action, such as the relief sought by plaintiff in the Complaint. See Solida v. McKelvey, 820 F.3d 1090, 1093-94 (9th Cir. 2016) ("Relief under Bivens does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action . . . By definition, Bivens suits are individual capacity suits and thus cannot enjoin official government action."). An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States, not the individual officer and cannot be brought under Bivens. See id. at 1095.

Third, and notwithstanding the foregoing, plaintiff cannot state a claim against the United States for equitable relief, and granting leave to afford plaintiff an opportunity to do so would be futile because the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, *et seq.* – which can afford a basis for seeking equitable relief against the United States in certain circumstances where a federal agency's officer acts in an official capacity or under color of legal authority – does not do so here since plaintiff effectively challenges the procedure and substance of agency determinations that are inextricably linked to the order of removal – a claim as to which this Court lacks jurisdiction under Title 8, United States Code, section 1252(a)(5). See Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012) (affirming dismissal of case for lack of subject matter jurisdiction).[4] As noted

---

[4]Plaintiff also seeks an order dismissing any motion to stay or appeal the July 24, 2019 bond order that resulted in plaintiff's release from ICE detention. While there are circumstances under which this Court has jurisdiction over the refusal of immigration authorities to *release* an individual on a reasonable bond after a final removal order is entered – see Zadvydas v. Davis, 533 U.S. 678 (2001) (discussing same) – plaintiff points to no legal basis, and this Court is aware of no legal basis to afford it jurisdiction over plaintiff's speculative and at best premature claim

(continued...)

earlier (see supra note 3), plaintiff's challenge to the removal order is currently pending before the Ninth Circuit where plaintiff has twice sought an emergency stay of removal – presumably raising the same arguments asserted herein – and the Ninth Circuit has denied such requests. Plaintiff effectively asks this Court to countermand the Ninth Circuit's orders – something it clearly cannot do.

Finally, plaintiff cannot state a claim against the United States for monetary relief arising from the allegedly unconstitutional actions of federal officials, and granting leave to afford plaintiff an opportunity to do so would be futile because such a claim would be barred by sovereign immunity. See United States v. Mitchell, 445 U.S. 535, 538 (1980) (United States, as sovereign is immune from suit save as it consents to be sued; waiver must be unequivocally expressed); Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991) (courts lack subject matter jurisdiction to hear constitutional damage claims against the United States because it has not waived sovereign immunity with respect to such claims).

IT IS THEREFORE ORDERED that the Complaint is dismissed without leave to amend, that this action is dismissed without prejudice to any relief to which plaintiff may be entitled in the pending Ninth Circuit Action, and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: September 23, 2019



_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE

---

⁴(...continued)
to prohibit immigration authorities from potentially seeking to detain plaintiff in the future.